UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEON D. PENDLETON,

   Petitioner,

       v.                                 Civil No.  16-cv-00136-JPG

UNITED STATES OF AMERICA,

   Respondent.

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Keon D. Pendleton's amended motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 8). The Government has responded to the amended § 2255 motion (Doc. 12), along with a supplemental to its response (Doc. 13), and the petitioner has replied (Doc. 14). Also pending before the Court is Petitioner's Motion [Doc. 18] to Dismiss By Court Order and Motion [Doc. 19] to Appoint New Counsel.

1. **Background.**

In its preliminary review of the amended § 2255 motion, the Court set forth the history of this case:

> On November 9, 2006, the petitioner entered a guilty plea to one count of conspiracy to distribute 50 grams or more of crack cocaine. He was sentence on March 6, 2007, to the custody of the Bureau of Prisons for 262 months, 10 years of supervised release, and a fine of $100.00. *See United States v. Pendleton*, 06-cr-40029-JPG.
>
> The petitioner filed a *pro se* § 2255 motion (Doc. 1) on February 5, 2016. The Court appointed him counsel, and on November 8, 2016, counsel filed an amended § 2255 motion (Doc. 8). In the amended motion, the petitioner raises the following claim:

- The petitioner's due process rights were violated by application of the residual clause of the career offender guideline, U.S.S.G. § 4B1.2(a)(2), to find his prior 2005 conviction for aggravated battery was a "crime of violence" supporting career offender status. *See United States v. Hurlburt*, No. 14-3611 & 15-1686, 2016 WL 4506717, *7 (7th Cir. Aug. 29, 2016) (*en banc*; holding on direct appeal that application of career offender residual clause was due process violation because it was unconstitutionally vague).

Mem. & Ord. of Nov. 14, 2016 (Doc. 9).

2. **Standard.**

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[r]elief under § 2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'" *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013)). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009). The Court finds that an evidentiary hearing is not warranted in this matter as the petitioner is entitled to no relief.

In his amended § 2255 motion, the petitioner argues that his due process rights were violated when the Court applied the residual clause of the career offender ("CO") guideline to find his prior conviction for aggravated battery in 2005[1] was a "crime of violence" supporting career offender status, and thus a higher guideline sentencing range. The CO guideline states, in

---

1 Petitioner also had an aggravated battery conviction in 2001 which petitioner admits does qualify under the "force" clause of § 4B1.2(a)(2).

2

pertinent part, that a prior offense is a crime of violence if it "is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*" U.S.S.G. § 4B1.2(a)(2) (emphasis added to residual clause).

The petitioner's argument relies on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the use of the identical residual clause in the Armed Career Criminal Act, 18 U.S.C. § 924(e), to increase the statutory sentencing range is unconstitutional. *Id.* at 2563. This is because the vagueness of the clause denies fair notice to a defendant of his potential punishment and invites arbitrary enforcement by judges. *Id.* at 2557. In *United States v. Hurlburt*, 835 F.3d 715 (7th Cir. 2016) (*en banc*), the Seventh Circuit Court of Appeals applied the same rationale to hold that use of the CO residual clause to support CO status, thereby increasing the guideline sentencing range, is also unconstitutional. *Id.* at 725.

*Hurlburt*, however, was abrogated by *Beckles*, which held that sentencing guidelines are not amendable to vagueness challenges. *Beckles*, 2017 WL 855781, at *6. This is because, unlike the statute at issue in *Johnson*, advisory guidelines "do not fix the permissible range of sentences" but "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.*

*Beckles* forecloses the petitioner's argument that he is entitled to § 2255 relief. There was nothing unconstitutional about the Court's using the CO residual clause to find Mr. Pendleton's prior conviction for aggravated battery was a crime of violence and increasing his guideline sentencing range accordingly. This is because the Court's guideline range findings did not fix the sentencing range but merely guided the Court's discretion within the fixed statutory sentencing

range.

The petitioner, through counsel, filed a Motion to Dismiss by Court Order acknowledging that *Beckles* rendered petitioner's § 2255 proceedings meritless. (Doc. 18, pg 2). However, petitioner also filed a *pro se* motion for new counsel stating that he believed he could still prevail on his § 2255 motion under *Mathis v. United States*, 136 S.Ct. 2243 (2016). (Doc. 19).

> [Petitioner] argues in his reply that *Mathis* provides an independent basis for authorization. He cites *Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997), for the proposition that any intervening change in the law would allow a successive application. This proposition clearly is not true, and *Alexander* does not say otherwise; only new rules of constitutional law, made retroactive by the Supreme Court, can provide a basis for authorization. *See* 28 U.S.C. §§ 2255(h)(2), 2244(b)(2)(A); *Alexander*, 121 F.3d at 314–15 (denying application because applicant did "not point to any new rule made retroactive by the Supreme Court and [did] not have new evidence showing his innocence"). *Mathis* did not announce such a rule; it is a case of statutory interpretation.

*Dawkins v. U.S.*, 829 F.3d 549, 550–51 (7th Cir. 2016).

*Mathis* is not retroactive and as such, petitioner cannot proceed on *Mathis* alone. If the residual clause of the career offender guidelines had been void for vagueness, then *Mathis* would have applied in the determination of any qualifying offenses with regard to petitioner's career offender status. But as stated above, *Beckles* held that sentencing guidelines are not amendable to vagueness challenges and petitioner's career offender determination remains that which was calculated at the time of his sentencing. Appointment of new counsel will not change the law.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to the petitioner. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001). To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska*, 246 F.3d at 1046; *accord Buck v. Davis*, 137 S. Ct. 759, 773 (2017); *Miller-El v. Cockrell*, 537 U. S. 322, 327 (2003). The Court finds that the petitioner has not made such a showing and, accordingly, declines to issue a certificate of appealability.

For this reason, the Court **DENIES** petitioner Keon D. Pendleton's amended § 2255 petition [Doc. 8] and **DECLINES** to issue a certificate of appealability. Petitioner's Motion [Doc. 19] to Appoint New Counsel is **DENIED** and Petitioner's Motion [Doc. 18] to Dismiss is moot. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** 3/29/2017

                                                *s/J. Phil Gilbert*
                                                **J. PHIL GILBERT**
                                                **U.S. DISTRICT JUDGE**